## CHARLES H. IVES, Respondent, v. JAMES C. HOLDEN and JOHN McILWAINE, Appellants.

*Motion to vacate attachment — when additional papers may be used by plaintiff — Code of Civil Procedure, § 683.*

Where a motion to set aside an attachment, issued upon an affidavit only, is made upon the affidavit upon which it was granted, and also upon the complaint, the plaintiff is entitled, upon the hearing, to read additional affidavits in support of the attachment.

Appeal from an order made by the County Judge of Allegany county, denying a motion to dismiss a warrant of attachment, and allowing the plaintiff to read a new affidavit in support of the attachment and in opposition to the motion, on payment of costs.

On the motion to set aside the warrant, the judge decided that the affidavits on which it was issued were defective, in that it did not appear thereby that the plaintiff was entitled to recover a sum stated therein over and above all counterclaims known to him; whereupon the plaintiff's attorney asked to be permitted to amend such affidavits, and to oppose the motion to dismiss by new proof by affidavit, on the part of the plaintiff. The justice allowed the plaintiff to make and read such further affidavit remedying the defect in the original affidavits, upon payment to the defendant of seven dollars costs. Thereupon plaintiff's attorney read a further affidavit, and the motion to dismiss was denied.

*J. W. Rigdon*, attorney for appellants.

*Loveridge & Swift*, attorneys for respondent.

Smith, J.:

Section 683 of the Code of Civil Procedure provides for two classes of applications to vacate a warrant of attachment: one founded only upon the papers upon which the warrant was granted; the other founded upon proof, by affidavit, on the part of the defendant. An application in the latter class may be opposed by new proof, by affidavit, on the part of the plaintiff, tending to sustain any ground for the attachment recited, in

the warrant. In this case the warrant was issued on an affidavit of the plaintiff, as appears by a recital in the warrant. The notice of motion to vacate the warrant, served by the defendant's attorney, stated that the motion would be made upon the complaint as well as the affidavit. For aught that appears, the complaint was so used. As it is not set out in the appeal papers, we are not informed of its contents. If it was verified — and for the present purpose that may be assumed — it could be used as an affidavit (*Palmer* v. *Hussey*, 59 N. Y., 647), and on its being so used by the defendants, the plaintiff would be entitled to read fresh affidavits in support of the warrant.

If it be suggested that by the terms of section 683, the county judge had not jurisdiction to entertain an application founded on affidavits on the part of the defendant, it may be answered that if the construction is correct, a point which we do not intend to decide, the fact of the want of jurisdiction is an additional reason for affirming the order of the judge refusing to vacate the warrant.

The order should be affirmed, with ten dollars costs and disbursements.

Present — Talcott, P. J., Smith and Hardin, JJ.

Order affirmed, with ten dollars costs and disbursements.